IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action 03-551 |
| ) | |
| JEFFREY BEARD, et al. ) | |
| ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

CONTI, District Judge

### *Background*

Plaintiff Richard Young ("plaintiff"), an inmate at State Correctional Institution at Fayette ("SCI-Fayette"), filed a civil rights action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 on April 21, 2003 against twenty defendants. This court granted summary judgment in favor of eighteen of the defendants on January 13, 2005. (Doc. No. 130). Plaintiff attempted to appeal the entry of summary judgment to the United States Court of Appeals for the Third Circuit on January 24, 2005. (Doc. No. 132). The United States Court of Appeals for the Third Circuit dismissed the appeal for lack of appellate jurisdiction on June 3, 2005. (Doc. No. 134).

The remaining two defendants in this action, Dr. Kern ("Kern") and Dr. Koolie ("Koolie") filed motions to dismiss, respectively, on June 10, 2005 (Doc. No. 136) and November 1, 2005 (Doc. No. 142). Plaintiff responded to Kern's motion to dismiss on June 29, 2005 (Doc. No. 139) and that motion is pending. Plaintiff's response to Koolie's motion to dismiss is due by December 5, 2005.

### Discussion

Pending before this court are two motions filed by plaintiff. (Doc. Nos. 141 & 147). First, plaintiff filed a motion with this court to compel the magistrate judge to issue a report and recommendation regarding Kern's motion to dismiss. (Doc. No. 141). Second, plaintiff filed a motion to issue a writ of mandamus directing the magistrate judge to issue her report and recommendation regarding Kern's motion to dismiss. (Doc. No. 147).

The court will deny plaintiff's motion for a writ of mandamus (Doc. No. 147). The writ of mandamus has been used "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." In re Diet Drugs Products Liability Litigation, 418 F.3d 372, 378 (3d Cir. 2005)(quoting In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000)).  The United States Court of Appeals for the Third Circuit has held that mandamus is a "drastic remedy" that should only be granted in extraordinary circumstances.  In re Diet Drugs Products, 418 F.3d at 378; Hahnemann Univ. Hospital v. Edgar, 74 f.3d 456, 461 (3d Cir. 1996); In re Bankers Trust Co., 775 f.2d 545, 547 (3d Cir. 1985)(holding that mandamus relief is available "only when necessary to prevent grave injustice").

In Cheney v. United States Dist. Court, 542 U.S. 367 (2004), the United States Supreme Court stated that there are three conditions precedent to seeking a mandamus writ: 1) there is no other adequate means to attain the relief desired, 2) the right to issuance of the writ is clear and indisputable, and, 3) even if the first two conditions are met, the issuing court must be satisfied that the issuance of a writ is appropriate.  Id.

In this case, plaintiff argues that he is entitled to mandamus because the fact that the magistrate has not issued her ruling regarding Kern's motion to dismiss is thwarting his ability to appeal his case to the United States Court of Appeals for the Third Circuit.  Plaintiff is simply incorrect. Because Koolie's motion to dismiss is still pending, even if the magistrate issued her

appeal today, plaintiff would still be unable to appeal . Plaintiff's response to Koolie's motion to dismiss is not even due until December 5, 2005. Accordingly, defendant's motion for a issuance of a writ of mandamus is **DENIED** (Doc. No. 147).

The court will also deny plaintiff's motion to compel (Doc. No. 141) because there has been no undue delay in issuance of the magistrate's report and recommendations and because plaintiff will not be able to appeal to the United States Court of Appeals for the Third Circuit until after Koolie's motion to dismiss is resolved.

### *Conclusion*

**AND NOW**, this **3rd day of November, 2005**, upon consideration of plaintiff's motions, **IT IS ORDERED** that plaintiff's motion to compel (Doc. No. 141) and plaintiff's motion for issuance of a writ of mandamus (Doc. No. 147) are **DENIED**.

By the court:

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

cc:   Richard Young
      EP-8117
      SCI-Fayette
      Box 9999
      LaBelle, PA 15450

      Rodney M. Torbic
      Office of the Attorney General
      564 Forbes Avenue
      6th Floor, Manor Complex
      Pittsburgh, PA 15219