```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD YOUNG, EP 8117,       )
        Plaintiff,            )
                              )
        vs.                   )    Civil Action No. 03-551
                              )    Judge Conti
                              )    Magistrate Judge Hay
JEFFREY BEARD; et al.,        )
        Defendants.           )
```

REPORT AND RECOMMENDATION

I.   RECOMMENDATION

It is respectfully recommended that the motions to dismiss filed by Defendants Kern (doc. 136) and Kolli (doc. 144) be granted.[1]

II. REPORT

Plaintiff, Richard Young, a prisoner presently confined at the State Correctional Institution at Fayette, Pennsylvania, initially commenced the present action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 against twenty-one defendants, including numerous individuals employed by the Pennsylvania Department of Corrections (DOC) at the now-closed State Correctional Institution at Pittsburgh (SCIP). Previously, the court granted summary judgment in favor of nineteen Commonwealth Defendants. See Order dated January 12, 2005 (doc.

---

1. If this recommendation is adopted by the District Court, the only claim remaining is Plaintiff's First Amendment claim against the Commonwealth Defendants regarding the confiscation of his mail, which was not addressed in the Commonwealth Defendants' previous motion.

130) adopting the Report and Recommendation ("R&R") dated December 6, 2004 (doc. 124).  Familiarity with the previous R&R is presumed.

Presently before the court are the motions to dismiss filed by the sole remaining defendants, Ed Kern, M.D., a psychiatrist who previously provided care at SCIP and Dr. Kolli, also a psychiatrist who previously provided care at SCIP.  These motions are ripe for review.

A motion to dismiss cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation."  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957).  The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim.  Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  The complaint must be read in the light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint must be taken as true.  Estelle v. Gamble, 429 U.S. 97 (1976).[2]

---

2. In addition, courts may consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case in considering a motion to dismiss under Rule 12(b)(6). Pryor v. National Collegiate Athletic Ass'n., 288 F.3d 548, 560 (3d Cir. 2002) (noting that documents that the defendant attaches to the motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim
(continued...)

A brief review of the now dismissed claims is necessary to place Plaintiff's claims against the psychiatrists in context. In general, Plaintiff's complaint addressed various misconducts and disciplinary sanctions he received while he was confined at SCIP. Specifically, Plaintiff complained that he repeatedly and unjustifiably received misconducts, which resulted in his placement at various times in the restricted or segregated housing unit (RHU). As concerns Drs. Kern and Kolli, Plaintiff asserts that he complained to these doctors about the stress of being in segregation, i.e., solitary confinement, and asked them to place him in the mental health unit (MHU) instead of the SHU or to transfer him to another prison. He asserts that the doctors told him he was doing well and refused his requests, thus, violating his Eighth Amendment right to be free from cruel and unusual punishment. Additionally, he claims that Dr. Kooli placed him in a filthy, bare cell after he threatened to harm himself and, thus, violated his Eight Amendment right to be free from cruel and unusual punishment.[3]

---

2. (...continued)
and may be considered by the court in deciding a motion to dismiss); Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994); Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990).

3. Although not entirely clear, it appears that on April 23, 2002, Plaintiff was admitted to the mental heath unit (MHU) after he told the duty psychiatrist that he was going to slit his throat. He remained in the MHU for thirty-six (36) days.

Plaintiff's Complaint seeks to assert liability against Drs. Kern and Kolli pursuant to 42 U.S.C. § 1983.  To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements.  He must allege: (1) that the alleged misconduct was committed by a person acting under color of state law; and (2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States.  West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).  The Defendants do not dispute that they may be considered persons acting under color of state law.  The Defendants do argue, however, that Plaintiff has not alleged a deprivation of a constitutional right.

As a convicted, sentenced prisoner, Plaintiff's claim concerning his medical treatment invokes the protections of the Eighth Amendment, as applied to the states through the Fourteenth Amendment.  In order to make out a prima facie case that a prison official's actions violate the Eighth Amendment's prohibition against cruel and unusual punishment, an inmate must show two elements.  First, a prisoner must show that the condition, either alone or in combination with other conditions, deprived him of "the minimal civilized measure of life's necessities," or at least a "single, identifiable human need."  Wilson v. Seiter, 501

U.S. 294 (1991) (citing Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Second, an inmate must demonstrate deliberate indifference to prison conditions on the part of prison officials. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson, 501 U.S. at 297; Rhodes, 452 U.S. at 347. "[O]nly the unnecessary and wanton infliction of pain implicates the Eighth Amendment. . . . To violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind.'" Farmer, 511 U.S. at 834 (quoting Wilson, 501 U.S. at 297).

In the context of a claimed denial of medical treatment, an inmate must show two elements to demonstrate a violation of his rights as protected by the Eighth Amendment: (1) that he was suffering from a "serious" medical need; and (2) that the prison officials were "deliberately indifferent" to the serious medical need. Id. The first element requires a plaintiff to demonstrate a medical need that is objectively "sufficiently serious." A medical need is "serious" if it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person easily would recognize the necessity for a doctor's attention. Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988). The serious medical need requirement contemplates a condition of urgency, one that in the

absence of medical attention produces degeneration, extreme pain, the potential for a life-long handicap or permanent loss, or death.  Id.

The second element requires a plaintiff to demonstrate that officials subjectively acted with a sufficiently culpable state of mind.  In this regard, a plaintiff must demonstrate that a defendant's acts constituted "an unnecessary and wanton infliction of pain" or were "repugnant to the conscience of mankind."  Gamble, 429 U.S. at 105-106.  With respect to claims for inadequate medical treatment, while an intentional refusal to provide any medical treatment to an inmate suffering from a serious medical need manifests deliberate indifference and is actionable under the Eighth Amendment, a disagreement as to the appropriate choice of medical treatment for a serious medical need does not give rise to a constitutional violation.  Young v. Quinlan, 960 F.2d 351, 358 n.18 (3d Cir. 1992) (an inmate's disagreement with prison personnel over the exercise of medical judgment does not state a claim for relief under section 1983); White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).

In the case at bar, viewing the complaint in a light most favorable to the Plaintiff, he has failed to demonstrate a medical need that is objectively sufficiently serious.  He does not allege that he was diagnosed with any mental health illness let alone one that required a physician's attention and/or

treatment.  At best, he complains of stress or depression resulting from his placement in the RHU and from his purported placement in a dirty, bare cell on one occasion when he threatened to harm himself.  However, such a mental state, without more, does not rise to the constitutional level required. See, e.g., In re Long Term Administrative Segregation of Inmates Designated as Five PerCenters, 174 F.3d 464, 472 (4th Cir. 1999)(Finding that prisoners' complaint of stress and depression stemming from administrative segregation for over three years did not rise to the level of an Eighth Amendment charge: "Depression and anxiety are unfortunate concomitants of incarceration; they do not, however, typically constitute the extreme deprivations ... required to make out a conditions-of-confinement claim. ... A depressed mental state, without more, does not rise to the level of the serious or significant physical or emotional injury that must be shown ...  on an Eighth Amendment charge." (internal quotations and citations omitted)).

   Further, Plaintiff has failed to allege that Defendants Kern and Kolli were deliberately indifferent to any serious medical need, assuming he had established such a need.  The "deliberate indifference" standard for purposes of liability under section 1983 is a stringent standard of fault requiring proof that a defendant disregarded a known or obvious consequence of his action.  Board of County Commissioners of Bryan County v. Brown,

520 U.S. 397, 410 (1997).  The defendant must be both aware of facts from which the inference could be drawn that a substantial harm exists and he must also draw the inference.  Farmer, 511 U.S. at 837.  An official is not deliberately indifferent if "he fails to alleviate a significant risk that he should have identified."  Id.  Moreover, deliberate indifference to a serious medical need of a prisoner is distinguishable from a negligent diagnosis or treatment of a medical condition; only the former conduct violates the Eighth Amendment.  Medical malpractice may give rise to a tort claim in state court but does not necessarily rise to the level of a federal constitutional violation.  Kost v. Kozakiewicz, 1 F.3d 176, 185 (3d Cir. 1993); Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993).

   Here Plaintiff admits that he was seen by Drs. Kern and Kolli at least once every month.  Moreover, he admits that he was admitted for treatment in the MHU on April 23, 2002 for thirty-six days.  Plaintiff simply complains that he did not receive the treatment he requested.  As discussed, while an intentional refusal to provide any medical treatment to an inmate suffering from a serious medical need manifests deliberate indifference and is actionable under the Eighth Amendment, the Eighth Amendment does not require that a prisoner receive every medical treatment that he requests.  A disagreement as to the appropriate choice of medical treatment does not give rise to a constitutional

violation because the "right to be free from cruel and unusual punishment does not include the right to the treatment of one's choice." Layne v. Vinzant, 657 F.2d 468, 473 (1st Cir. 1981). Mere disagreements over medical judgment do not state Eighth Amendment claims as there are typically several acceptable ways to treat an illness. White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990) (citations omitted). Accord Young v. Quinlan, 960 F.2d 351, 358 n.18 (3d Cir. 1992) (an inmate's disagreement with prison personnel over the exercise of medical judgment does not state claim for relief under section 1983).

　　Taken as true, the Plaintiff's allegations do not show that the Defendants acted with deliberate indifference to any serious medical needs for purposes of imposing liability under the Eighth Amendment's prohibition against cruel and unusual punishment. Specifically, there is nothing that suggests that Defendants Kern or Kolli knew that Plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. To the contrary, it appears that the Defendants attended to Plaintiff's complaints but determined, in their professional judgment, that he did not require placement in the MHU as Plaintiff requested.

III.  <u>CONCLUSION</u>

For the above-stated reasons, it is respectfully submitted that the motions to dismiss filed by Defendants Kern (doc. 136) and Kolli (doc. 144) be granted.

The parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

                              Respectfully submitted,

                              <u>/s/ Amy Reynolds Hay</u>
                              AMY REYNOLDS HAY
                              United States Magistrate Judge

Dated:   8 June, 2006

cc:  Joy Flowers Conti
     United States District Judge

     Richard Young, EP-8117
     SCI Fayette
     Box 9999
     LaBelle, PA 15450-0999

     Mary Lynch Friedline
     Senior Deputy Attorney General
     Litigation Section
     Office of the Attorney General
     5th Floor, Manor Complex
     564 Forbes Avenue
     Pittsburgh, PA 15219

     Samuel H. Foreman
     Weber Gallagher Simpson, Stapleton Fires & Newby
     603 Stanwix Street

```
Suite 1450 14th Floor
Pittsburgh, PA 15222

Alan S. Gold
Gold, Butkovitz & Robins
7837 Old York Road
Elkins Park, PA 19027
```